UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

BULMARO VILLEGAS-RODRIGUEZ, )
                                                  )
               Petitioner, )
                                                  )
     vs.                        )        Case No. 4:16CV01004 SNLJ
                                                  )
UNITED STATES OF AMERICA,    )
                                                  )
               Respondent. )

## MEMORANDUM AND ORDER

This matter is before the Court on a motion under 28 U.S.C. § 2255 to vacate, set aside or correct sentence by Bulmaro Villegas-Rodriguez, a person in federal custody. Villegas-Rodriguez's § 2255 motion is fully briefed and ripe for disposition.

### I.     Background

Petitioner/defendant Bulmaro Villegas-Rodriguez, hereinafter defendant, was charged by way of grand jury indictment with six counts charging: conspiracy to distribute and possess with the intent to distribute more than 500 grams of methamphetamine, in violation of Title 21, United States Code, Sections 841(a)(1) and 846 (Count I); conspiracy to kidnap, in violation of Title 18, United States Code, Sections 1201(a)(1) and (c) (Count II); and five counts of distribution of methamphetamine (Counts II, IV, V, VII and VIII), respectively. On June 26, 2014, defendant pled guilty pursuant to a plea agreement to Count I (conspiracy to distribute and possess with the intent to distribute more than 500 grams of methamphetamine) and Count II (conspiracy to kidnap). Under the terms of the plea agreement the government agreed: a) to move to

dismiss Counts III, IV, VII and VIII at the time of sentencing; b) not to file any statutory

enhancements based upon defendant's prior drug trafficking offense; and c) that no

further federal prosecution would be brought in the Eastern District of Missouri with

respect to conspiracy to distribute and possess with the intent to distribute

methamphetamine and conspiracy to kidnap from April, 2013 to the time of the

Indictment.

A presentence report was prepared. The base offense level was determined to be

level 36 based upon the quantity of methamphetamine, a two level increase was assessed

for being an organizer, leader, manager or supervisor, one level was assessed as a

multiple count adjustment, and three levels were subtracted for acceptance of

responsibility resulting in a total offense level of 34. Defendant's total criminal history

points were 13 resulting in a criminal history category of VI. The resulting advisory

sentencing guideline range was 262 months to 327 months. Defendant was **not**

determined to qualify as a Career Offender under the sentencing guidelines.

On December 3, 2014, this Court sentenced defendant Villegas-Rodriguez to 262

months on each of Counts I and II to run concurrently. This sentence represented the

bottom of the advisory applicable sentencing guideline range of 262 to 327 months.

Peitioner Villegas-Rodriguez appealed his sentence. Appointed counsel moved to

withdraw and in conjunction with the motion filed a brief in conformance with *Anders v.*

*California*, 386 U.S. 738 (1967). On June 19, 2015, the Eighth Circuit affirmed the

district court's judgment. *U.S. v. Villegas-Rodriguez*, 617 Fed. Appx. 597, 2015 WL

3796794 (2015) (unpublished). A petition for rehearing was denied on September 25,

2015. A writ of certiorari was filed on March 2, 2016 and denied on June 28, 2016.

## II. Discussion

Defendant Villegas-Rodriguez, in his motion, seeks relief alleging ineffective assistance of counsel in two instances, specifically: a) counsel failed to advise him of the repercussions of the federal sentencing guidelines; and b) his mandatory minimum sentence was increased based upon his improper qualification as a career offender in light of the United States Supreme Court ruling in *Johnson v. United States*, 135 S. Ct. 2251 (2015). As established by the record and Court filings, defendant Villegas-Rodriguez fails to state a basis for relief. The record reflects that: a) defendant Villegas-Rodriguez was advised of and indicated his understanding of the applicable advisory federal sentencing guidelines and b) defendant Villegas-Rodriguez was not found to be a career offender and thus the Supreme Court decision in *Johnson v. United States*, 135 S. Ct. 2251 (2015) has no bearing on his sentence.

The Government seeks to dismiss these allegations without a hearing. The Eighth Circuit in *Engelen v. United States*, 68 F.3d 238, 240-241 (8th Cir. 1995) stated that:

> [A] petition can be dismissed without a hearing if (1) the defendant's
> allegations, accepted as true, would not entitle the defendant to
> relief, or (2) the allegations cannot be accepted as true because they
> are contradicted by the record, inherently incredible, or conclusions
> rather than statements of fact. *United States v. Rodriguez*, 929 F.2d
> 747, 749-50 (1st Cir. 1991); *see also, Holloway v. United States*,
> 960 F.2d 1348, 1358 (8th Cir. 1992)(a single, self-serving, selfcontradicting
> statement is insufficient to render the motion, files and
> records of a case inconclusive); *Larson v. United States*, 905 F.2d
> 218, 220-221 (8th Cir. 1990)(evidentiary hearing not required if the
> facts alleged, taken as true, would not justify relief); *Smith v. United
> States*, 618 F.2d 507, 510 (8th Cir. 1980)(mere statement of
> unsupported conclusions will not suffice to command a hearing); cf.

> *Voytik v. United States*, 778 F.2d 1306, 1308 (8th Cir.
> 1985)(explaining *United States v. Unger*, 665 F.2d 251 (8th Cir.
> 1981)(evidentiary hearing required where allegations are
> sufficiently specific and neither conclusory nor incredible in face of
> the record)).

As further discussed, defendant's allegations in his motion are contradicted by the record in this case.

Defendant challenges his sentencing asserting his claims under the umbrella of ineffective assistance of counsel. Defendant, during the plea colloquy, expressed his satisfaction with the representation received by counsel. (Plea Tr. 5) Regardless, in order to sustain an ineffective assistance of counsel claim, defendant must show that (1) "counsel's representations fell below an objective standard of reasonableness," *Strickland v. Washington*, 466 U.S. 668, 688 (1984), and (2) that "there is a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Id.* at 694.; *Nguyen v. United States*, 114 F.3d 699, 702-03 (8th Cir. 1997). In determining whether counsel's conduct was objectionably reasonable, there is a "strong presumption that counsel's conduct falls within the wide range of reasonable professional assistance." *Strickland*, 466 U.S. at 689; *Nguyen v. United States*, 114 F.3d 699 (8th Cir. 1997). Defendant has failed to meet either criteria with respect to the allegations of Ineffective assistance of counsel.

Addressing the allegations, defendant Villegas-Rodriguez initially claims that counsel failed to advise him "that the federal sentencing guidelines would play such an integral part of the final sentence" and "of the multitude of enhancements that the court

could impose based on the relevant conduct portions of the guidelines." (Defendant's

motion, page 12) This claim is undermined by the terms of the plea agreement and

defendant's statements under oath at the plea colloquy. The plea agreement signed by

defendant Villegas-Rodriguez expressly stated that the offense is affected by the U.S.

Sentencing Guidelines. (Plea Agreement, paragraph 6) The plea agreement set out all of

the possible adjustments and estimated that defendant's total offense level as 32, 34 or 36

depending upon certain application of certain guideline provisions. (Plea Agreement,

paragraph 6) The total offense level of 34 determined by the United States Probation

Office in the pre-sentence report was within the range anticipated in the plea agreement.

Defendant acknowledged at the time of his plea that he had read the plea agreement with

the assistance of an interpreter and had gone over it in detail with his attorney, again with

the assistance of an interpreter. (Plea Tr., page 7) Defendant Villegas- Rodriquez stated

that he understood the contents of the agreement. (Plea Tr., page 7)

This Court also discussed the application of the advisory sentencing guidelines

With defendant Villegas –Rodriguez at the time of plea as follows:

Q (The Court):     Now has your lawyer explained to you the Sentencing
                   Guidelines?

A (Defendant):      Yes, sir.

Q (The Court):     All right. I see on Page 12 that the lawyers have estimated the
                   offense levels for Count I and for Count II. And according to
                   their calculations, they estimate that the combined offense
                   level will be 32, 34 or 36, depending on certain adjustments
                   that may or may not be made. Has your lawyer explained that
                   to you?

A (Defendant):     Yes.

(Plea Tr., page 9)

| | |
|---|---|
| Q (The Court): | I'm going to go over with you again this information about the Sentencing Guidelines. The lawyers estimate that the offense levels, the combined offense level for Count I and Count II, will be 32, 34 or 36, depending on the application of certain adjustments. You understand that, don't you? |
| A (Defendant): | Yes, sir. |
| Q (The Court): | Now I'm going to get with the Probation Office after your plea, and we'll recalculate these offense levels, and chances are they'll be 32, 34 or 36, but they may be higher; they may be lower. And if you disagree, you'll be allowed to challenge that determination. Do you understand? |
| A (Defendant): | Yes, sir. |
| Q (The Court): | Okay. But in any event, what we'll do is to use your criminal history, along with the combined offense levels for these offenses, to calculate the Sentencing Guidelines. Do you understand how that works? |
| A (Defendant): | Yes, sir. |

(Plea (Plea Tr., page 10-11)

The presentence report mirrored the estimated calculations set forth in the plea

agreement. The total base offense level of 34 was consistent with the offense range

contained within the plea agreement as well as discussed with the defendant during the

plea colloquy. Thus, the record and plea agreement reflect that defendant was well

informed of the sentencing guidelines and their impact on sentencing. *Nguyen v. United*

*States*, 114 F.3d 699 (8th Cir. 1997) (defendant's statements made during plea hearing

carry strong presumption of verity). Defendant's challenges to the voluntariness of his

plea based upon similar allegations regarding being misadvised about possible defenses

and length of sentence was rejected by the Eighth Circuit on appeal based upon

defendant's statements of understanding during the plea hearing. *United States v.*

*Villegas-Rodriguez*, 617 Fed. Appx. 597, 2015 WL 3796794 (2015)

Defendant Villegas- Rodriguez also contends that his sentence was based upon an

improper finding that he was a career offender under the sentencing guidelines.

Specifically, defendant claims that his "mandatory minimum sentence was increased

based on the Career Criminal Chapter for enhancement for having DUI and traffic

offenses" which constitutes a due process violation under *Johnson v. United States*, 135

S. Ct. 2251 (2015). (Defendant's motion, page 18) Defendant misconstrues the record.

His mandatory minimum sentence was not increased due to his prior convictions and he

was not adjudged a career offender. The mandatory minimum sentence of ten years was

based solely upon amount of methamphetamine involved in Count I, more than 500

grams, which triggered the mandatory minimum sentence set forth in Title 21, United

States Code, Section 841 (b)(1)(A)(viii). Pursuant to the plea agreement, the government

did not file defendant's prior methamphetamine conviction as an enhancement under

Title 21, United States Code, Section 851 which would have increased the mandatory

minimum sentence to twenty years.

Defendant's criminal history score was thirteen placing him in Criminal History

Category VI. This determination was made solely upon the points assessed for each

criminal conviction without application of the Career Offender Provision. Seven of the

points were based upon four separate convictions for driving under the influence of

alcohol. Defendant also received two points for battery and cruelty to children, two points

for trafficking methamphetamine and an additional two points for committing the instant offense while on probation for the trafficking methamphetamine conviction. Defense counsel acknowledged that the criminal history category was calculated correctly but argued that defendant's criminal history was overstated in light of the points assessed for the driving under the influence of alcohol. (Sent. Tr., page 10) The Court rejected this argument indicating that it had reviewed the convictions very closely and noting that defendant had the advantage of the deterrent impact of incarceration as well as drug treatment yet continued to engage in serious criminal activity. (Sent. Tr., pages11-12) The Court elected to sentence defendant at the bottom end of the sentencing guideline range. Thus, defendant's sentence was not based upon an improper determination that he was a career offender in alleged violation of the principals set forth in *Johnson v. United States*, 135 S. Ct. 2251 (2015).

The record in this case conclusively negates defendant's claims for relief. The plea agreement and plea colloquy reflect that defendant was fully informed of the possible sentencing guidelines and their impact on sentencing. Further, defendant was not determined to be a career offender and thus his sentence was not based upon any erroneous finding regarding application of the career offender provisions.

## CONCLUSION

For the foregoing reasons, defendant Villegas-Rodriguez' motion is without merit and will be denied without a hearing.

**IT IS FURTHER ORDERED** this Court will not issue a certificate of

8

appealability because Villegas-Rodriguez has not made a substantial showing of the denial of a federal constitutional right.

Dated this 17th day of February, 2017.

_____
STEPHEN N. LIMBAUGH, JR.
UNITED STATES DISTRICT JUDGE